IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (CINCINNATI)

| | | |
|---|---|---|
| DAMON MINTON<br>3477 Crooked Tree Circle<br>Hamilton, OH 45011,<br><br>    Plaintiff,<br><br>v.<br><br>WACHTER, INC.<br>16001 West 99th Street<br>Lenexa, KS 66219<br><br>    Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CASE NO.  19-cv-729<br><br>Judge<br><br><br><br>**COMPLAINT**<br>**WITH JURY DEMAND** |

_____

## I.    **PARTIES**

1.    Plaintiff Damon Minton ("Plaintiff") is an Ohio citizen who resides in Hamilton, Ohio.  During all relevant times, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e)(1), Ohio Rev. Code § 4111.03(D)(3), and Article II, Section 34a, of the Ohio Constitution.

2.    Defendant Wachter, Inc. ("Defendant") is a Kansas for profit corporation, with its headquarters located at 16001 West 99th Street, Lenexa, KS 66219. During all relevant times, Defendant was an "employer" within the meaning of 29 U.S.C. § 203(d), Ohio Rev. Code § 4111.(D)(2), and Article II, Section 34a, of the Ohio Constitution. Upon information and belief, Defendant generates an annual volume of sales in excess of $500,000.00 and/or engages in interstate commerce.

1

3. Plaintiff seeks back pay, front pay, benefits, compensatory damages, liquidated damages, punitive damages, attorneys' fees and cost associated with this action, and all other damages and equitable relief allowed to his for retaliation by Defendant under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 215(a)(3).

4. Plaintiff also seeks damages, including an amount set by the court sufficient to compensate Plaintiff and deter future violations, and his attorneys' fees and cost associated with this action under the FLSA and Ohio's Minimum Fair Wage Standards Act ("OMFWS"), Ohio Revised Code § 4111.01 et seq., and Article II, Section 34a, of the Ohio Constitution based on Defendant's failure to pay Plaintiff's his overtime wages.

## II. JURISDICTION AND VENUE

5. Jurisdiction in this case is proper under 42 U.S.C. § 2000e-5(f) and 28 U.S.C. § 1331 which grant the District Court jurisdiction to hear this action without regard to the amount in controversy.

6. Defendant engaged in business in this District and engaged in tortious acts or omissions within this District, and has otherwise made or established contacts within this District sufficient to permit the exercise of personal jurisdiction.

7. Supplemental jurisdiction over Plaintiff's state law claims is proper pursuant to 28 U.S.C. § 1367 because his state law claims are so related to claims in the action within such original jurisdiction of the Court that they form part of the same case or controversy under Article III of the United States Constitution.

8. Venue is appropriate in this District Court under 28 U.S.C. § 1391(b) because (i) Defendant has business operations in this District, (ii) a substantial part of the events

giving rise to Plaintiff's claims occurred in this District, and (iii) this is the District in which Plaintiff works and resides.

### III.     FACTUAL BACKGROUND

9.     In April 2019, Plaintiff began working with Defendant as Lead Cable Technician in the Cincinnati, Ohio area for an hourly wage of $22.00. Plaintiff was hired through a middle-company, Anistar Technologies ("Anistar"). Upon information and belief, Defendant and Anistar were joint employers of Plaintiff under the FLSA and OMFWS because:

- Defendant created the hiring criteria for Plaintiff and relied on Anistar to implement it;
- Anistar maintained personnel files on each technician that were subject to audit by Defendant;
- Plaintiff was required to wear Defendant's uniforms, used Defendant's equipment, and attended Defendant training sessions;
- Plaintiff's work schedules were determined by Defendant using Defendant's scheduling system;
- All of Plaintiff's work came from Defendant;
- Defendant controlled Plaintiff's work and terminated his employment;
- Plaintiff submitted his hours to Defendant using Defendant's system;
- Plaintiff had to follow Defendant's policies and procedures;
- During the entire time he worked with Defendant, Plaintiff had had no other outside employment and he reported to Defendant, who controlled both the manner and quality of his work; and
- Defendant exercised substantial control over its working relationship with Plaintiff.

10.     During the week of June 9-16, 2019, Plaintiff worked significant overtime hours on various projects at the direction of his project manager, Ethan Fitzner. Per Defendant's policy, Plaintiff logged these hours into the Defendant billing system for each work order he was directed by Mr. Fitzner to complete. However, at the next pay period, Defendant's billing system showed Plaintiff had worked significantly fewer hours than Plaintiff had actually worked. Plaintiff

3

immediately raised the issue of missing hours and non-payment of his wages with his project manager, Ethan Fitzner and his superior, Troy Hall.

11. Between June 13 and June 20, 2019, Plaintiff had several telephone, email, and text communications with Mr. Fitzner and Mr. Hall regarding the issue of his unpaid wages. During these communications, Mr. Fitzner and Mr. Hall stated that Defendant's billing system was having "issues" and that they would try to correct the issue of his unpaid wages.

12. On June 21, 2019, Defendant approved payment of additional hours for overtime work performed during the week of June 9-16, 2019 (but payment was not made until the following pay period). However, Defendant failed to approve payment to Plaintiff for the full overtime hours he worked during this period. Plaintiff again raised the issue of unpaid overtime with Mr. Fitzner and Mr. Hall, but the remaining issue of unpaid overtime was never fully corrected.

13. During the course of Plaintiff's employment, Mr. Fitzner made numerous comments about his concerns for "going over budget" on various work orders. Upon information and belief, Mr. Fitzner logged into the Defendant's billing system and deleted various work order and time entries for Plaintiff's work so as not to go over budget on projects.

14. After Plaintiff repeatedly raised concerns about Defendant's failure to pay his overtime (a protected activity under the FLSA and OMFWS), Mr. Hall called Plaintiff on June 24, 2019 and told him he was being terminated and that a representative of Defendant was "in-route" to pick up his uniforms, laptop, cable, and phone. Mr. Hall provided no justification for Plaintiff's termination. Upon information and belief, Plaintiff's termination was in retaliation for his complaints regarding his unpaid overtime pay, which are protected activities under federal and state law.

**COUNT I**
**RETALIATION**
**(29 U.S.C. § 215(a)(3) and Ohio Rev. Code § 4111.13)**

15. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 14 of this Complaint as if fully set forth herein.

16. Section 215(a)(3) of the FLSA provides that it is a violation for any person to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

17. Section 4111.13 of the OMFWS provides that "[n]o employer shall discharge or in any other manner discriminate against any employee because the employee has made any complaint to the employee's employer, or to the director, that the employee has not been paid wages in accordance with sections 4111.01 to 4111.17 of the Revised Code, or because the employee has made any complaint or is about to cause to be instituted any proceeding under or related to those sections, or because the employee has testified or is about to testify in any proceeding."

18. Plaintiff engaging in protected activities by making repeated complaints with Defendant regarding violations of the FLSA and OMFWS based on Defendant's failure to pay Plaintiff his overtime wages.

19. Defendant subjected Plaintiff to adverse employment actions when it targeted Plaintiff and terminated Plaintiff for engaging in protected activities under the FLSA and OMFWS.

20. Plaintiff has been damaged because of Defendant's retaliation in an amount to be determined by the Court, to include compensatory damages, liquidated damages, punitive damages, attorneys' fees, and costs.

### COUNT II
### FAILURE TO PAY OVERTIME
### (29 U.S.C. § 207 and Ohio Rev. Code § 4111.03)

21. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 20 of this Complaint as if fully set forth herein.

22. The FLSA and OMFWS require all employers to pay earned overtime wages. 29 U.S.C. § 207; Ohio Rev. Code § 4111.03. Further, the definition of "employer" under the FLSA and OMFWS "will be liberally construed to achieve the goals of the act." Ellington v. E. Cleveland, 689 F.3d 549, 554-555 (6th Cir. 2012) (recognizing that "the remedial purposes of the FLSA require the courts to define 'employer' more broadly than the term would be interpreted in traditional common law applications").

23. Defendant violated the FLSA and OMFWS by failing to pay him his earned overtime pay.

24. Plaintiff has been damaged because of Defendant's violations in an amount to be determined by the Court, to include compensatory damages, liquidated damages, punitive damages, attorneys' fees, and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff asks this Court to enter judgment in his favor as follows:

    A. Award Plaintiff all back pay, front pay, all lost benefits, and other equitable belief;

    B. Award Plaintiffs all compensatory, statutory, and liquidated damages in an amount to be determined at trial;

    C. Award Plaintiff punitive damages for Defendant's willful and malicious conduct in an amount to be determined at trial;

    D. Award Plaintiff pre-judgment and post-judgment interested in an amount to be determined at trial;

    E. Award Plaintiff his attorney's fees, costs and expenses in an amount to be determined at trial; and

    F. Award Plaintiff such other and further relief Plaintiff is entitled under the law and as this Court deems necessary.

Respectfully submitted,

/s/ *Adam V. Sadlowski*
Adam V. Sadlowski, Trial Attorney (0079582)
Cori R. Besse (0081447)
SADLOWSKI & BESSE L.L.C.
11427 Reed Hartman Highway, Suite 217
Blue Ash, Ohio 45241
Tel:  (513) 618-6595
Fax: (513) 618-6442
asadlowski@sb-lawyers.com
cbesse@sb-lawyers.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury on all triable issues.

/s/ *Adam V. Sadlowski*
Adam V. Sadlowski