# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| Damon Manton | : | Case No. 1:19-cv-00729 |
| Plaintiff(s) | : | |
| v. | : | Judge Michael R. Barrett |
| Wachter, Inc. | : | **JOINT DISCOVERY PLAN** |
| | : | (RULE 26(f) REPORT) |
| | : | (REQUIRED FORM) |
| Defendant(s) | : | |

Now come all parties to this case, by and through their respective counsel, and hereby jointly submit to the Court this Joint Discovery Plan, pursuant to the Court's Trial Procedure Order. The parties conducted their discovery conference on 12/9/2019.

**A.   MAGISTRATE CONSENT**

The Parties:

☐   unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c).

☒   do not unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c).

☐   unanimously give contingent consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c), for trial purposes only, in the event that the District Judge assigned is unavailable on the date set for trial (e.g. because of other trial settings, civil or criminal).

**B.  RULE 26(a) DISCLOSURES**

☐ The parties have exchanged pre-discovery disclosures required by Rule 26(a)(1).

☒ The parties will exchange such disclosures by  February 6, 2020

☐ The parties are exempt from disclosures under Rule 26(a)(1)(E).

NOTE:  Rule 26(a) disclosures are <u>not</u> to be filed with the Court.

**C.  DISCOVERY ISSUES AND DATES**

1. Discovery will need to be conducted on the issues of
Plaintiff intends to conduct discovery on all claims and damages.  Defendant intends to conduct discovery relevant to allegations in Plaintiff's Complaint and the defenses and allegations set forth in Defendant's Answer and Affirmative Defenses, as well as Plaintiff's mitigation of damages or lack thereof.

2. The parties recommend that discovery

    ☐ need not be bifurcated

    ☒ should be bifurcated between liability and damages

    ☐ should be bifurcated between factual and expert

    ☐ should be limited in some fashion or focused upon particular issues which relate to_____

3. Disclosure and report of Plaintiff(s) expert(s) by  April 6, 2020

4. Disclosure and report of Defendant(s) expert(s) by  May 6, 2020

5. Disclosure and report of rebuttal expert(s) by  June 5, 2020

6. Disclosure of non-expert (fact) witnesses  April 22, 2020

7. Discovery cutoff  August 14, 2020

8. Anticipated discovery problems

☐ _____

☒ None

9. Describe the subjects on which discovery is to be sought and the nature, extent and scope of discovery that each party needs to: (1) make a settlement evaluation, (2) prepare for case dispositive motions, and (3) prepare for trial:

Plaintiff intends to conduct discovery on all claims and damages. Defendant intends to conduct discovery relevant to the allegations in Plaintiff's Complaint and the defenses and allegations set forth in Defendant's Answer and Affirmative Defenses, as well as Plaintiff's mitigation of damages, or lack thereof.

10. Discovery of Electronically Stored Information. The parties have discussed disclosure, discovery, and preservation of electronically stored information, including the form or forms in which it should be produced.

____X____ Yes

_____ No

i. The parties have electronically stored information in the following formats:

Parties agree to exchange ESI in .PDF format. The Parties reserve the right to later seek native format if they deem it necessary and appropriate. The Parties will involve the Court if necessary to resolve any disputes.

ii. The case presents the following issues relating to disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced:

No specific or unique issues are known at this time.

_____

_____

3

11. Claims of Privilege or Protection.   The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evid. 502.

\_\_\_\_X\_\_\_\_ Yes

_____ No

i. The case presents the following issues relating to claims of privilege or of protection as trial preparation materials:

No specific or unique issues are known at this time.
_____

_____

ii. Have the parties agreed on a procedure to assert such claims AFTER production?

_____ No

_____ Yes

\_\_X\_\_\_ Yes, and the parties ask that the Court include the following agreement in the scheduling order:

The Parties agree to a general claw-back of documents inadvertently disclosed which contain attorney-client communications and/or work product.
_____

4

**D.    LIMITATIONS ON DISCOVERY**

  1.  Changes in the limitations on discovery

   ☐  Extension of time limitations (currently one day of seven hours) in taking of depositions to _____.

   ☐  Extension of number of depositions (currently 10) permitted to _____.

   ☐  Extension of number of interrogatories (currently 25) to _____.

   ☐  Other: _____.

  ☒  None

**E.    PROTECTIVE ORDER**

  ☐  A protective order will likely be submitted to the Court on or before _____.

  ☒  The parties currently do not anticipate the need for a protective order. If the parties subsequently deem that one is necessary, they will submit a joint proposed order to the Court. Such order will be in compliance with *Procter & Gamble Co. v. Bankers Trust Co.,* 78 F. 3d 219 (6th Cir. 1996).

**F.    SETTLEMENT**

A settlement demand __X__ has _____ has not been made.

A response __X__ has _____ has not been made.

A demand can be made by _____

A response can be made by _____

5

**G.     MOTION DEADLINES**

1. Motion to amend the pleadings and/or add parties by  February 6, 2020

2. Motions relative to the pleadings by  February 6, 2020

3. Dispositive motions by  September 23, 2020

**H.     OTHER MATTERS PERTINENT TO MANAGEMENT OF THIS LITIGATION**

None at this time.

Signatures:   /s/ Cori R. Besse                     /s/ Curtis G. Moore

Attorney for Plaintiff(s)                Attorney for Defendant(s)

/s/ Adam V. Sadlowski                  /s/ Steven M. Loewengart

Sadlowski & Besse L.L.C.              Fisher & Phillips LLP

11427 Reed Hartman Highway, Suite 217     250 West Street, Suite 400

Blue Ash, OH 45241                    Columbus, OH 43215

513-618-6595 - Telephone              614-221-1425 - Telephone
513-618-6442 - Fax                    614-221-1409 - Fax
asadlowski@sb-lawyers.com             sloewengart@fisherphillips.com
cbesse@sb-lawyers.com                 cmoore@fisherphillips.com